IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BASILENE L. HENSON, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:11-CV-1892-D |
| VS. § | (Consolidated with Civil Action No. |
| § | 3:12-CV-0673-D) |
| TIMOTHY F. GEITHNER, § | |
| SECRETARY OF THE TREASURY, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In these consolidated *pro se* actions that appear to allege claims for discrimination and retaliation, defendant Timothy F. Geithner ("Secretary Geithner") moves for summary judgment. The court grants the motion for the reasons that follow and dismisses these actions by judgment filed today.

I

Plaintiff Basilene L. Henson ("Henson") is employed as a secretary by the Internal Revenue Service ("IRS"). The primary thrust of her consolidated complaints is that IRS personnel have subjected her to a hostile work environment that has prompted her to file several EEO complaints. Henson does not specify the protected status (e.g., race or sex) on which her claims are based. Secretary Geithner apparently reads her complaints to assert that the hostile work environment was in retaliation for making these complaints, so the court will as well. Henson seeks thousands of dollars in damages, as well as relief ranging from removing negative memos from her employee and official personnel folders to relocating her

to another department.  Secretary Geithner moves for summary judgment, contending that Henson has failed to establish a *prima facie* case and that she has failed to refute the IRS's legitimate, nondiscriminatory reasons for its actions.

Henson has responded to Secretary Geithner's motion, but she has introduced no (or very limited) summary judgment evidence in response.  Her response is unsworn.  Her evidence appendix consists of a cover page and an unauthenticated, unsworn email from the IRS Human Capital Officer, the subject of which is "Congratulations on Your Service Anniversary," sent on May 1, 2012 (after this litigation was filed), recognizing Henson's 23 years of service.  Henson filed her response brief on November 21, 2012.  The deadline for Secretary Geithner to file a reply brief has elapsed, and his motion for summary judgment is now ripe for decision.

II

Because Henson will have the burden of proof at trial on her claims, Secretary Geithner can satisfy his summary judgment obligation by pointing the court to the absence of evidence to support the claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In his brief, Secretary Geithner points to the absence of evidence to support each claim.  *See* D. Br. 4 ("As demonstrated below, summary judgment is proper in the present case because Plaintiff cannot make a *prima facie* case, and Plaintiff cannot establish that Defendant's articulated reasons were pretextual.").  Because Secretary Geithner has done so, Henson must go beyond her pleadings and designate specific facts showing that there is a genuine issue for trial.  *See Celotex Corp.*, 477 U.S. at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

(5th Cir. 1994) (en banc) (per curiam). "Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Henson's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Her failure to produce proof as to any essential element renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Henson fails to meet this burden. *Little*, 37 F.3d at 1076.

### III

As noted, Henson's *pro se* response is unsworn, and the document contained in her evidence appendix is unauthenticated. Fed. R. Civ. P. 56(c)(1)(A) provides that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Unsworn pleadings, memoranda, or the like are not competent summary judgment evidence. *Larry*, 929 F.2d at 211 n.12. Henson has therefore failed to offer any competent summary judgment evidence in support of her claims. "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion; [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to

it[.]" Rule 56(e).

Even if the court treats the email contained in Henson's evidence appendix as competent summary judgment evidence, it is insufficient of itself to establish a *prima facie* case or to raise a genuine issue of material fact on the issue of pretext. Henson has simply failed to present any competent summary judgment evidence that, taken as true, would enable a reasonable trier of fact to find in her favor on any claim.

* * *

Secretary Geithner's November 1, 2012 motion for summary judgment is granted, and these consolidated actions are dismissed with prejudice by judgment filed today.

**SO ORDERED**.

January 4, 2013.

                                                                 _____
                                                                 SIDNEY A. FITZWATER
                                                                 CHIEF JUDGE